SMOLOW & LANDIS, LLC
BY: MICHAEL H. LANDIS, ESQUIRE
204 Two Neshaminy Interplex
Trevose, PA 19053
Phone: 215.244.0880
Fax: 215.244.0425
E-mail: mlandis@smolowlandis.com

*Attorney for Plaintiff and the Plaintiff Class*

| | |
|---|---|
| NICHOLE M. DeLELLIS<br>2323 West Aloe Vera Drive<br>Phoenix, AZ 85085<br>*Individually and on behalf of all others*<br>*similarly situated*<br><br>       vs.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.<br>105 Challenger Road<br>Ridgefield Park, NJ 07660<br>     and<br>SAMSUNG ELECTRONICS CO., LTD.<br>105 Challenger Road<br>Ridgefield Park, NJ 07660 | : **UNITED STATES DISTRICT COURT**<br>: **DISTRICT OF NEW JERSEY**<br>:<br>:<br>:<br>:<br>:<br>: CIVIL ACTION<br>:<br>:<br>:<br>: No.<br>:<br>:<br>:<br>: **CLASS ACTION COMPLAINT**<br>: **AND DEMAND FOR JURY TRIAL**<br>: |

Plaintiff, individually and as class representative, by way of complaint against defendants, avers as follows:

## PARTIES

1.     Plaintiff Nichole M. DeLellis is a citizen of Arizona who resides at 2323 West Aloe Vera Drive in Phoenix, Arizona.  Plaintiff brings this action individually and on behalf of the plaintiff class described in Paragraph 23, *infra.*

2.     Defendant Samsung Electronics America, Inc. ("SEA") is a New York corporation with its principal offices and headquarters located at 105 Challenger Road in Ridgefield Park, New Jersey.

3.     Defendant Samsung Electronics Co., Ltd. ("SEC") is a corporation, the exact nature of which is not presently known, which maintains offices and conducts substantial business operations at 105 Challenger Road in Ridgefield Park, New Jersey.

4.     At all times relevant hereto, defendants acted by and through their agents, servants, workmen and employees who were then and there acting within the course and scope of their agency, employment and authority, in furtherance of defendants' business, and otherwise on behalf of defendants.

## JURISDICTION AND VENUE

5.     This court has jurisdiction over all of the causes of action asserted herein pursuant to 28 U.S.C. §1332(d)(2).  The aggregate claims of the plaintiff class exceed the sum or value of

$5 million, exclusive of interest and costs, and diversity of citizenship exists between members of the plaintiff class and defendants.

6.    Venue is proper in this District pursuant to 28 U.S.C. §1391(a). Defendant SEA is a resident of this District with its principal offices, headquarters and nationwide warranty center located in Ridgefield Park, New Jersey. A substantial part of the events or omissions giving rise to these claims occurred in this District; for example, but without limitation: (a) all requests for warranty service for the plasma televisions at issue were directed by defendants to their nationwide warranty center in Ridgefield Park, New Jersey; (b) defendants administered, processed, handled and decided these requests for warranty service from their nationwide warranty center in Ridgefield Park, New Jersey; and (c) the customs, policies and practices which are the basis for the claims asserted in this class action were substantially conceived, developed, planned, adopted and implemented by defendants from Ridgefield Park, New Jersey.

## STATEMENT OF FACTS

7.    At all times relevant hereto, defendants were engaged in the design, manufacture, marketing, sale and distribution of plasma televisions in this District and throughout the United States of America, including, without limitation, Model No. PN50A450P1DXZA. Defendants are also engaged in the business of providing warranty service to the plasma televisions they design, manufacture, market, sell and distribute.

3

8.     On December 21, 2008, plaintiff purchased a Samsung 50 inch plasma television, Model No. PN50A450P1DXZA, Serial No. AKWX3CQQB01188R (the "Plasma TV"). The cost of this Plasma TV was $1,082.99.

9.     The written warranty issued by defendants for the Plasma TV warranted the TV against manufacturing defects in materials and workmanship for a period of one year, included coverage for parts and labor including display panels, and obligated defendants to repair or replace the TV at no cost to plaintiff (the "Warranty").

10.     Unbeknownst to plaintiff, the Plasma TV was designed, manufactured, marketed, sold and distributed by defendants with a manufacturing defect in workmanship and materials which during ordinary use and through no fault of the purchaser results in the overheating and cracking of the internal display panel and loss of the picture (the "Manufacturing Defect").

11.     The Manufacturing Defect involves internal components of these plasma televisions and is such that the purchaser has no notice of or ability to detect that Defect.

12.     At the time when plaintiff purchased the Plasma TV and for an extended time prior thereto, defendants knew or should have known of the existence of the Manufacturing Defect in its plasma televisions. By 2007, if not earlier, defendants had already received numerous reports, written notices and warranty claims concerning cracking of the internal display panel during ordinary use and through no fault of the purchaser. A sampling of some of these reports, notices and warranty claims received by defendants which illustrate the common

4

and widespread defect with these plasma televisions and defendants' willful refusal to honor warranty claims is as follows:

(a)    "We purchased a 42-inch plazma TV on November 14, 2006.  On December 13, 2007 the picture disappeared.  The front panel, through no fault of ours, had cracked while we were watching it.  Several TV repair people have looked at it and agreed that there was no customer abuse.  Since I registered the TV on line, the Samsung warranty was extended 3 months, through Feb 2008.  Thus, the television was under warranty when it went bad.  Upon calling Samsung, they wanted a technition to look at the TV. . . . Samsung technition told the repair man that Samsung warranty does not cover that part.  The local repairman said it would cost over $1000 to repair the tv which cost $1700 new, it would now cost $1200 to replace with a new one.  I wrote Samsung customer service on line from the samsung site after the New Year and heard nothing.  I then sent a letter to the CEO of North America, Mr. Dong-Jin Ho on January 10th, and have not heard from him.  On 3/6/08, I again went to the Samsung customer service site and sent another note and attached my letter to Mr. Ho. . . . We have been without our TV since December 13th, and I haven't even paid off the balance yet. . . .  I cannot believe Samsung won't fix my TV or replace it since it was under warranty".  [March 22, 2008]

(b)    "I bought a Samsung HPT4254 and 42 days of great service and with no external force the crystal cracked all the way across the screen. . . .  samsung said they will not cover it.  I am now stuck with a 42 in. black screen".  [August 14, 2007]

(c)     "I had the same exact problem with a 50 inch plasma.  Samsung also told me they wont fix it".  [September 26, 2008]

(d)     "I have a 50" samsung plasma TV and after 2 days of watching it the screen went blank and had a u shaped crack at the top left hand corner of the screen.  the store nor the manufacturer will replace it".  [November 8, 2008]

13.     As a result of these reports, notices, claims and otherwise, defendants had actual or constructive knowledge of the Manufacturing Defect for an extended time before plaintiff purchased the Plasma TV.

14.     Despite this knowledge, defendants intentionally concealed the existence of the Manufacturing Defect, intentionally failed to disclose the existence of the Manufacturing Defect, intentionally failed and refused to recall these televisions, and instead continued to manufacture, market, sell, distribute and otherwise place these plasma televisions into commerce in this District and throughout the United States knowing that the Manufacturing Defect was present, knowing that the Manufacturing Defect could not be discovered by purchasers of its products, and knowing that the internal display panels would crack during ordinary use and through no fault of the purchaser.

15.     On or about February 8, 2009 while still within the Warranty, plaintiff was watching the Plasma TV when, as a result of the Manufacturing Defect, it made a loud pop, a loud humming noise, and the screen faded away.  The Plasma TV no longer works.

16.     Plaintiff contacted Samsung and requested repair or replacement of the Plasma TV pursuant to the Warranty (the "Warranty Claim").

17.     On or about February 10, 2009, the Plasma TV was inspected by an authorized Samsung technician on behalf of defendants in connection with the Warranty Claim.   This inspection disclosed that the internal display panel was cracked and the Plasma TV otherwise had no physical damage or customer damage.

18.     As a result of this inspection and their prior knowledge of the Manufacturing Defect, defendants knew or should have known that the Plasma TV was covered by the Warranty, that defendants were obligated to honor the Warranty Claim, and that defendants were obligated to repair or replace the Plasma TV at no cost to plaintiff.

19.     At all times relevant hereto and despite knowing of the Manufacturing Defect and that this Defect was covered by the warranties which accompanied these televisions, defendants maintained the following customs, policies and practices with respect to warranty claims for plasma televisions based on the Manufacturing Defect:

(a)     directing all warranty claims to their nationwide warranty center in Ridgefield Park, New Jersey where those claims were administered, reviewed, processed, decided, and that decision conveyed to the warranty claimant.

(b)     notwithstanding the merit of the warranty claim, denying the claim using the secret and undisclosed criteria that any crack to the internal display panel is deemed to be customer damage and therefore not covered.

(c)     intentionally failing and refusing to properly investigate and determine these warranty claims.

(d)     maintaining secret and undisclosed standards and criteria applicable to the denial of claims for warranty repair or replacement.

(e)     intentionally concealing and failing to disclose the criteria used to deny claims for warranty repair or replacement.

(f)     intentionally failing and refusing to honor the written and implied warranties for the television.

20.     The aforesaid customs, policies and practices were substantially conceived, developed, planned, adopted and implemented by defendants from their nationwide warranty center and headquarters located in Ridgefield Park, New Jersey.

21.     On or about February 13, 2009, pursuant to the aforesaid customs, policies and practices, defendants denied plaintiff's Warranty Claim.

22.     As a result of the aforesaid customs, polices and practices, and defendants' denial of the Warranty Claim, plaintiff lost the use of the Plasma TV and has been damaged in the amount necessary to repair or replace the Plasma TV which amount is estimated to exceed $1,000.00.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action individually and on behalf of the following plaintiff class:

> All persons and entities who, within six years of the filing of this action, purchased in the United States of America a Samsung plasma television with the Manufacturing Defect.

24.     The class is so numerous that joinder of all members is impracticable.  Plaintiff estimates that the class consists of many thousands of purchasers of defendants' plasma televisions which contain the Manufacturing Defect.  The exact number and identities of these class members are currently unknown to plaintiff but can be identified in defendants' business records and from other sources.

25.     There are numerous questions of law and fact common to the class with respect to liability and damages and these questions predominate over individual questions.

(a)     Common questions of fact include, but are not limited to:

(i)     Each class member purchased a Samsung plasma television.

(ii)    The televisions were designed, manufactured, marketed, sold and distributed by defendants.

(iii)   The televisions were designed, manufactured, marketed, sold and distributed with the Manufacturing Defect.

(iv)    Defendants made and issued the same or similar written and implied warranties for each television.

(v)     Defendants maintained the same or substantially similar customs, policies and practices with respect to the Manufacturing Defect and warranty claims for that Defect.

(vi)    All class members sustained the same or similar damages as a result of defendants' conduct.

(b)     Common questions of law include, but are not limited to:

(i)     Have defendants breached the written and implied warranties accompanying these plasma televisions?

(ii)     Are the time limitations set forth in any written and implied warranties unenforceable as unconscionable?

(iii)     Did defendants breach their contract with each class member?

(iv)     Do defendants' customs, policies and practices violate the New Jersey Consumer Fraud Act?

26.     Plaintiff's claims are typical of the claims of all class members. Plaintiff is making the same claims, seeking the same relief, and asserting the same rights for herself and for all class members.

27.     Plaintiff will fairly and adequately represent the interests of the class and there is no conflict of interest between plaintiff and other class members. The representative plaintiff has retained able and experienced counsel.

28.     A class action is a fair, efficient and superior method for the adjudication of this controversy.

(a)     The claims of plaintiff and the class are based on the same or substantially similar proof and evidence. Proof of plaintiff's claims will also prove the claims of other class members.

(b)    This case can be easily managed as a class action.   Defendants' records are computerized and class members can be identified and notified without undue effort.

(c)    The size of these claims is not large enough to support individual or protracted litigation.  A class action will allow the expeditious resolution of a large number of identical claims without duplication of time, effort and expense.

(d)    Defendants have acted, and refused to act, on grounds generally applicable to the class.

29.    Defendants made and issued the same or similar written and implied warranties for the plasma televisions purchased by all class members.

30.    Defendants have acted and failed to act in the same or similar manner with respect to all class members.

## COUNT I

### BREACH OF EXPRESS WARRANTY

31.    Plaintiff incorporates by reference all prior paragraphs of this Complaint.

32.    The written warranty issued by defendants for these plasma televisions warrants the product against manufacturing defects in materials and workmanship, including coverage for

parts, labor and display panels, and obligates defendants to repair or replace the defective product at no charge.

33.     Plaintiff's Plasma TV failed as a result of the Manufacturing Defect within the period of the written warranty and defendants are obligated to repair or replace the Plasma TV at no cost to plaintiff pursuant to the Warranty. Defendants have intentionally failed and refused to do so.

34.     Pursuant to the aforesaid customs, policies and practices, defendants have also improperly denied the warranty claims of class members for repair or replacement based on the Manufacturing Defect.

35.     Defendants' attempt to enforce and otherwise impose a time limitation on the written warranty, and to disclaim any written warranty after one year, is unenforceable as unconscionable and grossly inadequate to protect plaintiff and the class. Defendants knew of the Manufacturing Defect at the time of sale. Plaintiff and the class had no meaningful choice in the terms of the transaction; the terms of the written warranty unreasonably favor defendants; a substantial disparity in bargaining power exists; and defendants intentionally concealed and failed to disclose the material facts that the plasma televisions were defective at the time of sale, that these televisions would fail well before their useful lives, and that warranty claims for the Manufacturing Defect would be denied based on secret and undisclosed criteria.

36.     As a result of defendants' conduct as aforesaid, plaintiff and the class are entitled to recover for breach of express warranty.

## COUNT II

## BREACH OF IMPLIED WARRANTY

37.     Plaintiff incorporates by reference all prior paragraphs of this Complaint.

38.     Defendants, as the designer, manufacturer, marketer, distributor and seller of these plasma televisions, expressly and/or implicitly represented and warranted to plaintiff and the class that these plasma televisions were in good condition, free of defects, and suitable for use for their intended purpose.

39.     Defendants also impliedly warranted the merchantability and fitness for a particular purpose of these plasma televisions for period equal to the express warranty.

40.     Defendants breached the implied warranty of merchantability because, as a result of the Manufacturing Defect, these plasma televisions can not pass without objection in the trade, are not of fair average quality within the description, and are unfit for their intended and ordinary purpose.

41.     Defendants breached the implied warranty of fitness for a particular purpose because defendants knew or should have known of the purpose for which these plasma

14

televisions were required and that plaintiff and the class were relying on defendants' skill to furnish a suitable plasma television without any defect.

42.     Defendants' attempt to enforce and otherwise impose a time limitation on the implied warranties of merchantability and fitness for a particular purpose, and to disclaim any implied warranties, is unenforceable as unconscionable and grossly inadequate to protect plaintiff and the class.  Defendants knew of the Manufacturing Defect at the time of sale. Plaintiff and the class had no meaningful choice; the terms unreasonably favor defendants; a substantial disparity in bargaining power exists; and defendants intentionally concealed and failed to disclose the material facts that the plasma televisions were defective at the time of sale, that they would fail well before their useful lives, and that warranty claims for the Manufacturing Defect would be denied based on secret and undisclosed criteria.

43.     As a result of defendants' conduct as aforesaid, plaintiff and the class are entitled to recover for breach of implied warranties, including the implied warranties of merchantability and fitness for a particular purpose.

## COUNT III

### NEW JERSEY CONSUMER FRAUD ACT

44.     Plaintiff incorporates by reference all prior paragraphs of this Complaint.

45.     Defendants have violated the New Jersey Consumer Fraud Act by using and engaging in unconscionable commercial practices, fraud and deception in connection with the sale of these plasma televisions and in connection with warranty claims for the Manufacturing Defect, and by using and making false pretenses, false promises and misrepresentations in connection with the sale of these plasma televisions and in connection with warranty claims for the Manufacturing Defect, by, among other things:

(a)     intentionally and knowingly selling defective plasma televisions while expressly and/or impliedly representing that these televisions were of good quality and free of defects.

(b)     misrepresenting the character, quality, characteristics, uses and standards of these plasma televisions.

(c)     misrepresenting that these plasma televisions were in good condition and free from defects.

(d)     making and issuing written and implied warranties with intent not to honor those warranties.

(e)     using secret and undisclosed criteria for denying claims for warranty service.

(f)     attempting to limit and disclaim written and implied warranties in an unconscionable manner.

46.     Defendants have violated the New Jersey Consumer Fraud Act by knowingly and intentionally concealing, suppressing, omitting and failing to disclose material facts, including, but not limited to:

(a)     that these plasma televisions were defective at the time of sale and thereafter.

(b)     that these plasma televisions did not conform to defendants' express and implied representations and warranties.

(c)     that defendants would not honor warranty claims for the Manufacturing Defect.

(d)     defendants' use of secret and undisclosed criteria for denying warranty claims.

47.     Had plaintiff and the class known of the Manufacturing Defect, known of defendants' misrepresentations, known that defendants used secret and undisclosed criteria to deny warranty claims for the Manufacturing Defect, known that defendants made and issued written and implied warranties with intent not to honor those warranties, known of the aforesaid customs, polices and practices, or known of the material facts which defendants intentionally concealed, suppressed, omitted and failed to disclose, they would not have purchased these plasma televisions.

48.     Defendants acted and failed to act with the purpose and intent that plaintiff and the class rely upon the aforesaid concealment, suppression, omission and failure to disclose.

49.     Plaintiff and the class have suffered an ascertainable loss of money and/or property as a result of defendants' actions and omissions.

50.     Pursuant to NJSA 56:8-19, plaintiff and the class are entitled to appropriate equitable relief, including without limitation, declaratory and/or injunctive relief that defendants are obligated to honor warranty claims for the Manufacturing Defect in these plasma televisions without regard to a time limitation and without using secret and undisclosed criteria and that defendants are obligated to repair or replace these plasma televisions at no cost to plaintiff and the plaintiff class.

51.     By reason of the aforesaid, plaintiff and the class are entitled to compensatory damages together with treble damages and attorneys' fees pursuant to NJSA 56:8-19.

## COUNT IV

## **BREACH OF CONTRACT**

52.     Plaintiff incorporates by reference all prior paragraphs of this Complaint.

53.     Defendants, as the designer, manufacturer, marketer, distributor and seller of these plasma televisions, expressly and/or implicitly represented and warranted to plaintiff and the class that these plasma televisions were in good condition, free of defects, and suitable for use for their intended purpose.

54.     Defendants made these representations and warranties for the purpose of inducing plaintiff and the class to purchase their plasma televisions.

55.     Had plaintiff and the class known of the Manufacturing Defect or defendants' custom, policy and practice of denying warranty claims for that Defect, they would not have purchased these televisions.

56.     By reason of defendants' conduct as aforesaid, plaintiff and the class are entitled to recover damages for breach of contract.

## COUNT V

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

57.     Plaintiff incorporates by reference all prior paragraphs of this Complaint.

58.     Defendants' conduct as aforesaid has also breached the implied covenant of good faith and fair dealing.

59.     By reason of defendants' conduct as aforesaid, plaintiff and the class are entitled to recover damages.

## COUNT VI

## EQUITABLE AND DECLARATORY RELIEF

60.     Plaintiff incorporates by reference all prior paragraphs of this Complaint.

61.     Plaintiff and the class lack an adequate remedy at law to prevent defendants from denying warranty claims for the Manufacturing Defect, from using secret and undisclosed criteria for denying warranty claims for the Manufacturing Defect, from concealing and failing to disclose the criteria used to deny warranty claims for the Manufacturing Defect, and from intentionally failing and refusing to honor the written and implied warranties for these televisions.

62.     By reason of the aforesaid, plaintiff and the class are entitled to appropriate equitable and declaratory relief pursuant to NJSA 2A:16-50 et seq., 28 U.S.C. §§2201 et seq., and otherwise pursuant to common law and the general equitable powers of this court.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff, individually and as class representative, demands judgment against defendants, jointly and severally, as follows:

(a)     an Order certifying the plaintiff class, appointing plaintiff as the class representative, and appointing plaintiff's counsel as class counsel;

(b)    compensatory damages for all damages and losses sustained as a result of defendants' actions and omissions;

(c)    treble damages pursuant to NJSA 56:8-19;

(d)    an order declaring that plaintiff and the class may revoke their acceptance of these plasma televisions and receive a full refund of the amount spent to purchase and repair these televisions;

(e)    pre-judgment and post-judgment interest at the maximum rate allowed by law;

(f)    equitable and injunctive relief, including an order enjoining defendants from pursuing the customs, policies and practices described in this Complaint and directing defendants to honor warranty claims for the Manufacturing Defect;

(g)    attorney's fees, costs and expenses; and

(h)    such other relief as may be just, necessary or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by a jury of twelve.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceedings.

SMOLOW & LANDIS, LLC

Date: 6 Oct. 2009

By: _Michael H. Landis_

Michael H. Landis, Esquire
*Attorney for Plaintiff and the Plaintiff Class*

k:\Samsung Class Action\Complaint.doc